**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DAVID KLUCKA,

    Plaintiff,

vs.

CAESAR ALMASE, et al.,

    Defendants.

Case No. 2:15-cv-00910-RFB-GWF

**ORDER**

    Plaintiff, who is a prisoner in custody at the Clark County Detention Center, has submitted an application to proceed in forma pauperis (#1), a civil rights complaint pursuant to 42 U.S.C. § 1983, and a motion for leave of court to file a longer than normal complaint (#3). The court finds that plaintiff is unable to pay an initial partial filing fee. See 28 U.S.C. § 1915(b)(4). Plaintiff still must pay the filing fee in full through monthly installments. See 28 U.S.C. § 1915(b)(2).

    The court grants the motion to file a long complaint. The court has reviewed the complaint, and the court will dismiss this action. When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." . . . [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." . . .
>
> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (citations omitted).

Plaintiff is facing charges in the Eighth Judicial District Court of the State of Nevada. He entered into a plea agreement with which he is now dissatisfied. He asks the court to allow him to withdraw from the plea agreement, to dismiss charges of unlawful acts related to human excrement or bodily fluid, a violation of Nev. Rev. Stat. § 212.180, to remove his attorneys from the case, and for access to a law library.

This court generally must abstain from interfering with pending state criminal cases. Younger v. Harris, 401 U.S. 37, 41 (1971).

> We must abstain under Younger if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that Younger disapproves.

San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose, 546 F.3d 1087, 1092 (9th Cir. 2008). All four requirements are met. Plaintiff is currently a defendant in a state criminal case, which naturally is an important state interest. Plaintiff also has opportunities in the state courts to complain about the effectiveness of his counsel and the rulings of the trial judge. Finally, an order allowing petitioner to withdraw from his plea agreement, dismissing criminal charges, and removing defense attorneys would have the practical effect of enjoining the ongoing criminal proceedings in state court. Therefore, this court will abstain from interfering with the state-court proceedings, and the court will dismiss the action.

Petitioner's motion for the court to appoint someone to serve documents (#2) is moot because the court is dismissing this action.

IT IS THEREFORE ORDERED that plaintiff's application to proceed in forma pauperis (#1) is **GRANTED**. Plaintiff shall not be required to pay an initial partial filing fee. However, even though this action is being dismissed, by commencing this action plaintiff incurred the obligation to pay the the full filing fee pursuant to 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), the Clark County Detention Center shall pay to the clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the prisoner's account (inmate #15959247), in months that the account exceeds $10.00, until the full three hundred fifty dollar ($350.00) filing fee has been paid for this action. If plaintiff should be transferred and become under the care of the Nevada Department of Corrections, the accounting supervisor of the Clark County Detention Center is directed to send a copy of this order to the attention of the chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702, indicating the amount that plaintiff has paid toward the filing fee, so that funds may continue to be deducted from plaintiff's account. The clerk shall send a copy of this order to the accounting supervisor of the Clark County Detention Center, 330 S. Casino Center Blvd., Las Vegas, NV 89101.

IT IS FURTHER ORDERED that plaintiff's motion for the court to appoint someone to serve documents (#2) is **DENIED** as moot.

IT IS FURTHER ORDERED that plaintiff's motion for leave of court to file a longer than normal complaint (#3) is **GRANTED**. The clerk of the court shall file the complaint.

IT IS FURTHER ORDERED that this action is **DISMISSED**. The clerk of the court shall enter judgment accordingly.

DATED: July 2, 2015.

_____
RICHARD F. BOULWARE, II
United States District Judge